UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR No. 01-046ML |
| | : | |
| DUJUAN TAVARES | : | |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

This matter has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) and 18 U.S.C. § 3401(i) for proposed findings of fact concerning whether the Defendant is in violation of the terms of his supervised release and, if so, to recommend a disposition of this matter. In compliance with that directive and in accordance with 18 U.S.C. § 3583(e) and Fed. R. Crim. P. 32.1, a revocation hearing was held on December 2, 2015. The Government presented two witnesses at the revocation hearing. A Providence Police Narcotics Detective and Defendant's Probation Officer testified. Defendant, through counsel, presented his mother as his sole witness. At the conclusion of the hearing, I ordered Defendant released pending my final Report and Recommendation which would recommend dismissal of this revocation case.

**Background**

On November 23, 2015, the Probation Office petitioned the Court for the issuance of a warrant for Defendant's arrest to answer a supervised release violation charge. On that day, the District Court ordered the issuance of a warrant as requested in the Petition.[1] Defendant appeared in Court on November 23, 2015 for an initial appearance and was detained pursuant to Fed. R. Crim. P. 32.1(a)(6)

---

[1] This warrant tolled the expiration of Defendant's supervised release term which was scheduled to expire on December 22, 2015. See 18 U.S.C. § 3583(i).

pending a supervised release revocation hearing. A revocation hearing was ultimately held on December 2, 2015, and Defendant contested the following charge:

> **While on supervision, Defendant shall not commit another federal, state or local crime.**
>
> Mr. Tavares possessed with intent to distribute an amount of crack cocaine as evidenced by his arrest by the Providence Police Department on November 20, 2015 and subsequent appearance before the Sixth Division District Court on narcotics charges on November 23, 2015.

**Discussion**

This violation case arises out of Defendant's arrest by the Providence Police on November 20, 2015. He was charged with possession with intent to distribute crack cocaine.[2] According to the police report narrative (Gov't Ex. 1), Defendant was the subject of an investigation into drug distribution "[o]ver the month of November 2015" which included "controlled purchases of crack cocaine from [Defendant]" "[t]hrough the use of a confidential informant." At some point during the course of the investigation and controlled purchases, the Providence Police obtained a search warrant for Defendant's residence at 58 Robin Street, Third Floor Apartment.[3]

On November 20, 2015, the State search warrant was executed. Defendant was detained outside the premises and was not in possession of any weapons or contraband. Inside the apartment, the officers located and seized, from the top of the dresser in the front bedroom, one very small piece of crack cocaine wrapped in plastic, (Gov't Ex. 3), from the rear bedroom, a digital scale, a pyrex measuring cup and an open box of Glad sandwich bags, (Gov't Exs. 4 and 5), and, in the rear bedroom,

---

[2] Defendant was originally convicted in this Court in 2002 of three counts of distribution of cocaine base.

[3] This is Defendant's mother's apartment. It is a typical third-floor tenement apartment with an open living room area, kitchen, bath and three bedrooms.

a Massachusetts benefits card in Defendant's name and an undated letter addressed to Defendant. (Gov't Exs. 6 and 7).[4]

At the hearing, a Providence Narcotics Detective testified credibly as to the execution of the warrant and the items seized. He also testified credibly that the suspected cocaine base was confirmed through a positive field test and that a swab taken from the digital scale tested positive for the presence of cocaine residue. The Detective was not questioned about the investigation leading up to the search warrant application[5] including the alleged controlled purchases from Defendant. The Court can only assume that this was intentional and an effort to maintain the confidentiality and safety of the informant. However, in the absence of any corroborating evidence, the reference to the controlled purchases in the police narrative is unsubstantiated hearsay. Thus, I have no independent basis upon which to assess its reliability and can give it no weight. See Fed. R. Evid. 1101(d)(3); United States v. Portalla, 985 F.2d 621, 622 (1st Cir. 1993) (holding that the "tests of admissibility set forth in the Federal Rules of Evidence" are not applicable in revocation hearings but that evidence that does not satisfy those rules "must nonetheless be reliable"); see also United States v. Lowenstein, 108 F.3d 80, 83 (6th Cir. 1997) (supervised release violation finding may rest upon reliable hearsay).

After considering the evidence presented, I conclude that the Government has not met its burden of proving, by a preponderance of the evidence, that Defendant possessed crack cocaine with intent to distribute on November 20, 2015. The Government presented no direct evidence of Defendant's possession with intent to distribute crack cocaine. It relies circumstantially on Defendant's access as one of five residents in the apartment, the presence and seizure of two

---

[4] The police also seized some Vicodin pills and a box of 9mm ammunition from the rear bedroom. Defendant has not been charged with possessing either the pills or the ammunition, and the Government did not offer any evidence or argument connecting Defendant to the possession or ownership of those items.

[5] The Affidavit submitted in support of the State search warrant application was not offered as an exhibit.

documents in the rear bedroom containing his name, and his statement to his Probation Officer that he sometimes slept in the front bedroom[6] where the small piece of crack cocaine was found and seized.

First, Defendant's residency in the apartment is not enough to create an inference of possession or distribution. Second, the seized documents are undated and do not establish Defendant's current occupancy of the rear bedroom. Defendant's mother testified that Defendant lived with her from time to time, and the level of clutter in the rear bedroom suggests that the documents could have been there for quite some time. Also, the Massachusetts benefits card appears to relate to Defendant's 2010 transitional stay in a Boston halfway house upon his release from prison. The other letter appears stained and arguably dated. The presence of these two documents in the cluttered rear bedroom containing the pyrex cup, digital scale and open box of sandwich bags is not enough alone to support a finding of possession or distribution. Finally, the evidence that Defendant may have entered or napped in the front bedroom on occasion is not enough alone to connect him to the small amount of crack cocaine found in that room. Even collectively, this circumstantial evidence is not suggestive of Defendant's possession or distribution of crack cocaine. The most probative evidence, which the Government elected not to present presumably for investigative reasons,[7] would have been the circumstances of the alleged controlled buys from Defendant or potentially other evidence obtained

---

[6] Defendant's mother testified that her adult daughter utilized the front bedroom and that Defendant slept on a couch in the living room. She also testified that her son never slept in the front bedroom but, due to her work schedule, she was not at home for significant periods of time and thus could not conclusively testify as to whether or not Defendant ever went into, napped or slept in the front bedroom.

[7] While the Government's apparent concerns for protecting the informant's identity are understandable, it did not seek any advance protections or limitations from the Court regarding such testimony. For instance, the Government did not seek leave to preclude any questioning as to the informant's identity or description, or to allow for only generalized testimony as to the date range, location and other circumstances of the controlled purchases to protect the informant's identity. Whether those requests may have been granted by the Court and whether, if granted, the evidence presented would have met the Government's burden of proof are, of course, unknown. However, it should have been clear to the Government that, absent such relief, the remaining evidence presented would fall far short of proving possession with intent to distribute a controlled substance.

during the investigation of his alleged drug distribution activities.  Without any such evidence, the Government is unable to meet its burden of proving the charged violation based solely on the limited circumstantial evidence presented and the items seized.

**Conclusion**

For the foregoing reasons, I find that the Government has not met its burden of proving the charge against Defendant by a preponderance of the evidence and recommend that the District Court dismiss, with prejudice, the violation charge pending against Defendant.  I also recommend that the District Court include in its Order a finding that Defendant's tolled term of supervised release is concluded effective as of the date of its Order or December 22, 2015, whichever is later.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within fourteen days of its receipt.  LR Cv 72; Fed. R. Civ. P. 72(b).  Failure to file specific objections in a timely manner constitutes a waiver of the right to review by the District Court and the right to appeal the District Court's Decision.  United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

 /s/  Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
December 11, 2015